UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LAURA DOMBROWSKI,

    Plaintiff/Counter Defendant,

v.                                                       Case No. 18-11615

UNITED STATES OF AMERICA,

    Defendant/Counter Plaintiff.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO STRIKE
JURY DEMAND AND SETTING TELEPHONIC CONFERENCE**

Plaintiff Laura Dombrowski brings this quiet title action against Defendant United States of America under 28 U.S.C. § 2410(a)(1) for property on which Plaintiff resides and to which she has legal title. (ECF No. 1.) Plaintiff has lived with Ronald Matheson since 2006. Matheson has accumulated substantial debts to the federal government, and Defendant seeks to collect some of the amounts owed. Defendant filed a federal tax lien on Plaintiff's property, claiming Matheson has an interest in the property. Defendant counterclaims under 26 U.S.C. § 7403(a) to enforce its lien. (ECF No. 5.)

The complaint included a jury demand. (ECF No. 1, PageID.5.) Defendant argues that a jury trial is improper and moves to strike the demand. (ECF No. 43.) Plaintiff has filed a response. (ECF No. 44.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. LR 7.1(f)(2). For the reasons provided below, the motion will be granted.

## I.  BACKGROUND

Plaintiff purchased a house on July 10, 2013. (ECF No. 30, PageID.263; ECF No. 32, PageID.520.) The funds used to purchase the house came from Matheson. (ECF No. 30, PageID.262; ECF No. 32, PageID.519.) Plaintiff asserts Matheson transferred the money to pay off debts Matheson owed to Plaintiff and her brother. (ECF No. 30, PageID.259-61; ECF No. 30-1, PageID.297-98; ECF No. 32, PageID.517, 519; ECF No. 33, PageID.611.) Since at least October 1, 2013, Matheson has resided with Plaintiff on the property. (ECF No. 30, PageID.263; ECF No. 32, PageID.520.)

In July 2017, Defendant filed a lien on Plaintiff's property. (ECF No. 33, PageID.638.) The government claimed the money used to purchase the house was subject to substantial federal tax debt owed by Matheson. Plaintiff brings this action to quiet title to the property and asks the court to hold the lien invalid. (ECF No. 1, PageID.4-5.) Defendant counterclaims to enforce the tax lien. (ECF No. 5, PageID.22-25.)

After a period of discovery, the parties filed cross motions for summary judgment. (ECF Nos. 30, 31.) On May 18, 2020, the court denied Defendant's motion for summary judgment and granted in part and denied in part Plaintiff's motion for summary judgment. (ECF No. 37, PageID.986-87.) The court held that the case presented questions of fact which must be resolved through trial. (*Id.*, PageID.1007-08.)

Defendant has two legal theories for enforcing the tax lien. First, Defendant asserts that the money used by Plaintiff to purchase the property was fraudulently transferred from Matheson to Plaintiff in violation of the Michigan Uniform Voidable Transfers Act, Mich. Comp. Laws § 556.35(2). (ECF No. 37, PageID.992.) According to

Defendant, the money transfers from Matheson to Plaintiff are voidable at Defendant's election. (*Id.*) Second, Defendant asserts that Plaintiff's property is subject to a resulting trust in favor of Defendant under Mich. Comp. Laws § 555.8. (*Id.*, PageID.998-999.)

The parties are still awaiting trial, and Defendant filed its motion to strike Plaintiff's jury demand on October 5, 2020. (ECF No. 43.)

## II.  STANDARD

Federal Rule of Civil Procedure 38(a) provides that "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution--or as provided by a federal statute--is preserved to the parties inviolate." A party may so demand. *See* Fed. R. Civ. P. 38(b).

Federal Rule of Civil Procedure 39(a)(2) states that "[t]he trial on all issues so demanded [under Rule 38] must be by jury unless . . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." A party objecting to a trial by jury can move to strike the opposing party's jury demand. *See Stone v. Kirk*, 8 F.3d 1079, 1090-91 (6th Cir. 1993).

## III. DISCUSSION

### A.  Defendant's Motion to Strike Jury Demand

Plaintiff argues that she has a right to trial by jury under the Seventh Amendment. (ECF No. 44, PageID.1075.) The Seventh Amendment states that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." The Amendment "guarantees the right to a trial by jury only as it existed at common law." *Martin v. C.I.R.*, 756 F.2d 38, 40 (6th Cir. 1985). In reviewing whether an action involves legal rights or equitable rights, the court

3

"compare[s] the case at issue to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 659 (6th Cir. 1996) (quotations removed). The law has evolved since the 1700s. "The right to a jury trial includes more than the common-law forms of action recognized in 1791; the phrase 'Suits at common law' refers to suits in which legal rights are to be ascertained and determined, in contradistinction to those where equitable rights alone are recognized, and equitable remedies are administered." *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990). Thus, new causes of action created by congress, such as 42 U.S.C. § 1983 civil rights claims, and procedural vehicles that were traditionally equitable in nature, such as interpleader and shareholder derivative suits, have been found to present legal claims under the Seventh Amendment. *See City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709 (1999); *Hyde Props. v. McCoy*, 507 F.2d 301, 305 (6th Cir. 1974). "[The court] must look to an analogous claim that existed [at the time of the founding] to guide us in deciding whether the present case is legal or equitable." *Golden*, 73 F.3d at 659.

After tracing the historical roots of a claim, the court must "examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* "The constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings," and the title a party attaches to a cause of action. *Id.* (quoting *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477-78 (1962)). Where analysis of the claim's historical roots and its remedy offer conflicting findings, courts put greater weight on the claim's remedy. *Bledsoe v. Emery Worldwide Airlines, Inc.*, 635 F.3d 836, 841 (6th Cir. 2011) (quotations removed) ("The second inquiry is the more important in our analysis.").

1. **Plaintiff's Claim**

Plaintiff brings her claim for quiet title under 28 U.S.C. § 2410(a)(1). (ECF No. 1, PageID.4.) The provision states that "the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter . . . to quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien." *Id.*

Federal courts have repeatedly recognized that suits "to quiet title, or to remove a cloud on title," were traditionally brought before courts of equity and seek equitable remedies, falling outside the Seventh Amendment's jury trial right. *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 516 (1959); *Grether v. Wright*, 75 F. 742, 749 (6th Cir. 1896) ("[R]emed[ies] in equity [include] . . . quiet title to lands."); *United States v. Porath*, 764 F. Supp. 2d 883, 890 (E.D. Mich. 2011) (Lawson, J.) ("[D]efendants seek . . . quiet title in real property. It is beyond dispute that [this] action[] [has its] historical origins in courts of equity . . . . [The] quieting of title . . . [is a] quintessentially equitable [remedy]."); *United States v. Monea*, Case No. 07-30, 2008 WL 2746028, at *1 (N.D. Ohio July 11, 2008) (citing *United States v. McHan*, 345 F.3d 262 (4th Cir. 2003)) ("[A]n action to quiet title [has] no jury trial right . . . at common law."). Michigan courts have similarly held that "[a] suit to quiet title or remove a cloud on a title is one in equity." *McFerren v. B&B Inv. Group*, 655 N.W.2d 779, 522 (Mich. Ct. App. 2002); *accord Canjar v. Cole*, 770 N.W.2d 449, 727 (Mich. Ct. App. 2009). In fact, Michigan statute explicitly classifies quiet title actions as "equitable in nature." Mich. Comp. Laws § 600.2932.

Even if Plaintiff's claim were not equitable, it is equally well established that "[t]he Seventh Amendment['s] . . . right to a jury trial in suits at common law . . . does not apply to proceedings against the sovereign." *Osborn v. Haley*, 549 U.S. 225, 252 (2007); *Brott v. United States*, 858 F.3d 425, 436 (6th Cir. 2017) (quotations removed) ("It has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government"); *Galloway v. United States*, 319 U.S. 372, 388 (1943) ("It hardly can be maintained that under the common law in 1791 jury trial was a matter of right for persons asserting claims against the sovereign."). The principle is tied with the government's right to sovereign immunity. "[I]f Congress waives the Government's immunity from suit . . . the plaintiff has a right to a trial by jury only where that right is one of the terms of the Government's consent to be sued" and the right is "unequivocally expressed." *Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981); *Wilson v. Big Sandy Health Care, Inc.*, 576 F.3d 329, 333 (6th Cir. 2009) (The right to a jury trial must be "expressed in clear and unequivocal terms.").

The federal government is subject to suit by Plaintiff under 28 U.S.C. § 2410(a)(1). Yet that statute makes no mention of a right to jury trial. Other statutory provisions unequivocally create jury trial rights for private actions against the government. *See* 28 U.S.C. § 2402 ("[A]ny action against the United States under section 1346(a)(1) [civil actions to recover illegally taxed funds] shall, at the request of either party to such action, be tried by the court with a jury."). A similar statement is not included in § 2410(a)(1), and jury trial cannot be demanded.

Plaintiff argues that § 2410(a)(1) establishes a right to a jury because the provision allows Defendant to be sued "in any State court having jurisdiction of the

6

subject matter." Plaintiff notes that some states, such as Texas, allow for trial by jury in all civil actions. (ECF No. 44, PageID.1086-87.) But this case is being tried in federal court, not state court. Plaintiff is asserting a right to trial by jury under the U.S. Constitution, and the claim she brings is equitable in nature. (ECF No. 44, PageID.1075.) Furthermore, merely allowing suits to be brought in state court, which may or may not have jury requirements under state law, hardly qualifies as a waiver that is an "unequivocal[ ] express[ion]" establishing that Plaintiff has a right to jury in all cases brought in federal court. *Lehman*, 453 U.S. at 160-61, 164 (rejecting an argument for a statutorily created jury right simply because congress conferred jurisdiction to courts "where jury trials are ordinarily available"); *Wilson*, 576 F.3d at 333.

Plaintiff also argues that some statutes have explicitly disallowed jury trials for certain claims the government. *See* 28 U.S.C. § 2402 ("[A]ny action against the United States under [28 U.S.C. § 1346] shall be tried by the court without a jury"). (ECF No. 44, PageID.1088-89.) According to Plaintiff, § 2410(a)(1) does not include similar language, and thus, by implication, she is entitled to a jury trial. However, Plaintiff cites no case holding that a statute must state explicitly that parties do *not* possess a right to trial by jury. Plaintiff has the standard confused. Statutes must "unequivocally express[]" that parties *possess* a right to trial by jury against the government. *Lehman*, 453 U.S. at 160-61; *Wilson*, 576 F.3d at 333. There is a strong presumption against jury trials when the government is being sued. Section 2410(a)(1) does not establish through clear and unambiguous language a right to trial by jury, and Plaintiff's arguments must be rejected. *Lehman*, 453 U.S. at 160-61; *Wilson*, 576 F.3d at 333.

7

### 2. Defendant's Counterclaim

Defendant brings its counterclaim to enforce its lien on Plaintiff's property through 26 U.S.C. § 7403(a). That provision states:

> In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.

*Id.*

As the party bringing the claim, the federal government may be required to participate in a jury trial. "Where a suit is brought by the United States, the question whether or not there is a right to a jury trial follows the same principles applicable in any other civil suit." 47 Am. Jur. 2d *Jury* § 37 (2020); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2314 (4th ed. 2020) ("Actions brought by or on behalf of the United States are not affected by sovereign immunity and are civil actions that carry the same jury trial right as any other civil action."); *see, e.g.*, *Tull v. United States*, 481 U.S. 412, 418-20 (1987) (holding a party had a right to trial by jury in civil claims brought by the government).

Like actions for quiet title, courts have consistently held that actions brought by the government to impose federal tax liens are closely related to historical suits in equity used in the enforcement of debt collection; similarly, discharging a lien is an equitable remedy. *Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 546 (6th Cir. 2013) ("Courts have long recognized that judges, not juries, have responsibility for discharging liens . . . [including] tax liens."); *Porath*, 764 F. Supp. 2d at 890, ("[The United States]

8

seeks to foreclose a lien . . . [and this] action has [its] historical origins in the courts of equity . . . . The remed[y] . . . [of] foreclosure . . . [is] quintessentially equitable in nature."); *United States v. Miedema*, Case No. 01-305, 2003 WL 21152988, at *1 (W.D. Mich. Feb. 27, 2003) ("While actions to obtain a judgment of taxes owing are legal in nature, actions to foreclose tax liens on property are equitable in nature."); *United States v. Harrison*, 273 F. App'x 315, 316 (5th Cir. 2008) ("[T]he government's suit against [the defendant] was one to enforce tax liens and set aside fraudulent conveyances. There is no right to a jury trial in an equitable action to enforce a tax lien."); *United States v. McMullin*, 948 F.2d 1188, 1190 (10th Cir. 1991) ("[W]hen the government only seeks to enforce its tax lien against a taxpayer's property, the taxpayer has no right to a jury trial since the action sounds in equity."); *Damsky v. Zavatt*, 289 F.2d 46, 56 (2d Cir. 1961) ("[S]uch matters as are open with respect to the validity of the assessments and perhaps even their amounts will be in issue in the fraudulent conveyance claims, and we have held . . . that I.R.C. § 7403 validly directed that such issues be tried to the court in an action to enforce the lien of a tax assessment."); *see also* 9 Wright & Miller, *supra*, § 2316 ("An action to foreclose a lien . . . is equitable in nature.").

As the Second Circuit explained in *Damsky v. Zavatt*, tax lien enforcement actions share historical roots with "[f]oreclosure of [a] mortgagor's equity of redemption," which "was an established head of equity jurisdiction well before 1791." 289 F.2d at 56 (citing *Emanuel Coll. v. Evans*, 1 Rep. Ch. 18, 21 E.R. 494 (1625)). Thus, the Seventh Amendment's right to trial by jury does not apply to actions brought by Defendant under § 7403(a).

Plaintiff cites the unique nature of tax lien enforcement actions to argue against the court's findings. Title 26 U.S.C. § 6321 states that "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." State law determines the extent to which a taxpayer has a property right. "The federal tax lien statute itself 'creates no property rights but merely attaches consequences, federally defined, to rights created under state law.'" *United States v. Craft*, 535 U.S. 274 (2002) (quoting *United States v. Bess*, 357 U.S. 51, 55 (1958)). Thus, Defendant must rely in part on state law to enforce its tax lien.

Here, Defendant asserts it can attach a lien to Plaintiff's residence through Matheson's interest in the property. Specifically, Defendant claims Matheson fraudulently transferred money to Plaintiff to purchase the house. (ECF No. 37, PageID.992.) Defendant's claim relies on two legal theories. First, Defendant claims it can treat the money transfers from Matheson to Plaintiff as void under the Michigan Uniform Voidable Transfers Act, Mich. Comp. Laws § 556.35(2), and may place a lien on the residence as if it were Matheson's. (*Id.*) Second, Defendant asserts the court may place a resulting trust on the property under Mich. Comp. Laws § 555.8 in favor of Defendant as a defrauded creditor. (*Id.*, PageID.998-999.)

Plaintiff argues that if Defendant brought these claims directly under state law, Plaintiff would be entitled to a jury. (ECF No. 44, PageID.1079-84.) She correctly recognizes that a claim for a resulting trust under Mich. Comp. Laws § 555.8 would be equitable and would not, by itself, create a right to trial by jury. *See Advance Dry Wall*

10

*Co. v. Wolfe-Gilchrist, Inc.*, 218 N.W.2d 866, 868 (Mic. Ct. App. 1974) ("[Mich. Comp. Laws § 555.8] would create an equitable interest in the land."); 24 Mich. Civ. Jur. *Trusts* § 38 (2021) ("Any trust in favor of the creditors of a person furnishing the consideration for a conveyance must be equitable."); Restatement (Third) of Trusts § 7 (Am. L. Inst. 2020) ("A resulting trust is a reversionary, equitable interest."). (*Id.*, PageID.1082.) However, she asserts that a claim under the Michigan Uniform Voidable Transfers Act would be legal in nature and would require a jury. (ECF No. 44, PageID.1079-82.)

But Defendant does not bring its claim under Mich. Comp. Laws § 555.8. The cause of action and central issue in this case is whether Defendant can enforce its tax lien. *See Golden*, 73 F.3d at 659. The remedy Defendant seeks is for the court to discharge and foreclose on the lien. *See id.* The claim and remedy are equitable in nature. *See, e.g., Exact Software N. Am., Inc.*, 718 F.3d at 546; *Porath*, 764 F. Supp. 2d at 890; *Damsky*, 289 F.2d at 56. It is not of significance, in proving its case, that Defendant uses a state statute which, if brought as an independent state law claim, would entitle Plaintiff to a jury.

Furthermore, enforcement of a federal tax lien under § 7403(a) is a distinct cause of action. The government must show that a tax lien applies. It must prove that a "person [was] liable to pay" a federal tax and that the person "neglect[ed] or refuse[d] to pay"; such proofs can be complex and heavily contested. 26 U.S.C. § 6321. In addition, "federal law . . . determine[s] whether the taxpayer's state-delineated rights qualify as 'property' or 'rights to property'" under § 6321. *Drye v. United States*, 528 U.S. 49, 58 (1999). "Although state law creates legal interests and rights in property, federal law determines whether and to what extent those interests will be taxed." *Blachy v. Butcher*,

11

221 F.3d 896, 905 (6th Cir. 2000). For example, federal courts have routinely allowed the government to avoid state laws barring creditor liens on joint bank accounts, *United States v. National Bank of Commerce*, 472 U.S. 713, 723-25 (1985), and on cash surrender values for life insurance policies. *United States v. Bess*, 357 U.S. 51, 56-57 (1958); *see also Drye*, 528 U.S. at 59 ("[E]xempt status under state law does not bind the federal collector."). Thus, tax lien enforcement actions are not shaped and defined by state law. State law is merely one portion of a more extensive inquiry. When performing Seventh Amendment analysis, the court must look to the claims at hand, not theoretical claims that could be brought in another setting. Plaintiff is not entitled to a trial by jury, and Defendant's motion will be granted.

### B. Trial Schedule

The court held a telephonic conference with the parties on September 21, 2020. After the conference, the court issued a docket text entry that stated, "[a]fter [Defendant's] motion [to strike] is resolved, the court will enter the appropriate scheduling order in preparation for trial."

With the outbreak of the Coronavirus Disease ("COVID-19"), the court has suspended in-person trials. However, this case will not be tried by a jury, and it is possible for the court to hold a bench trial remotely. The court will schedule a telephonic conference to explore the feasibility and appeal of a remote bench trial.

### IV. CONCLUSION

The Seventh Amendment does not provide Plaintiff a right to trial by jury for her quiet title claim under 28 U.S.C. § 2410(a)(1) or Defendant's lien enforcement counterclaim under 26 U.S.C. § 7403(a). Accordingly,

IT IS ORDERED that Defendant's "Motion to Strike Jury Demand" (ECF No. 43) is GRANTED.

IT IS FURTHER ORDERED that a telephonic conference is set for **March 18, 2021 at 11:00 am. (The court will initiate the call).**

s/Robert H. Cleland            /<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated:  March 8, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 8, 2021, by electronic and/or ordinary mail.

s/Lisa Wagner                   /<br>
Case Manager and Deputy Clerk<br>
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\18-11615.DOMBROWSKI.MotiontoStrikeJuryDemand.RMK.2.RHC.docx